Keith J. Miller
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ 07102
(973) 690-5400
kmiller@rwmlegal.com

*Attorney for Plaintiffs*
*Actelion Pharmaceuticals Ltd and*
*Actelion Pharmaceuticals US, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ACTELION PHARMACEUTICALS US, INC. and ACTELION PHARMACEUTICALS LTD,<br><br>    Plaintiffs,<br>      v.<br><br>ALEMBIC PHARMACEUTICALS LIMITED and ALEMBIC PHARMACEUTICALS, INC.,<br><br>    Defendants. | **Civil Action No.** _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(Filed Electronically)** |

Plaintiffs Actelion Pharmaceuticals US, Inc. ("Actelion Inc.") and Actelion Pharmaceuticals Ltd ("Actelion Ltd") (collectively, "Actelion" or "Plaintiffs"), for their Complaint against Defendants Alembic Pharmaceuticals Limited ("Alembic Ltd.") and Alembic Pharmaceuticals, Inc. ("Alembic Inc.") (collectively, "Alembic" or "Defendants"), hereby allege as follows:

### THE PARTIES

1.      Plaintiff Actelion Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey 08560.

2. Plaintiff Actelion Ltd is a Swiss corporation having a primary place of business at Gewerbestrasse 16, CH-4123 Allschwil, Switzerland.

3. Upon information and belief, Defendant Alembic Ltd. is an entity organized and existing under the laws of India, with a principal place of business at Alembic Road, Vadodara, Gujarat, India 390003.

4. Upon information and belief, Defendant Alembic Inc. is an entity organized and existing under the laws of the State of Delaware, with a principal place of business at 550 Hills Drive, Suite 104B, Bedminster, New Jersey 07921.

5. Upon information and belief, Alembic Inc. is a wholly owned-subsidiary of Alembic Ltd.

6. Upon information and belief, Alembic Inc. is the U.S. agent for Alembic Ltd.

7. Upon information and belief, Alembic Inc. and Alembic Ltd. collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products. Upon further information and belief, Alembic Inc. and Alembic Ltd. are agents of each other and/or operate in concert as integrated parts of the same business group.

## JURISDICTION AND VENUE

8. This is a civil action for infringement of United States Patent No. 7,094,781 ("the '781 patent" or "the patent-in-suit"). This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*., as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and 35 U.S.C. § 271. This Court may declare the rights and other legal relations of the parties under 28 U.S.C. §§ 2201-02 because this case is an actual controversy within the Court's jurisdiction.

10.     Upon information and belief, Alembic Ltd., either directly or through one or more of its wholly-owned subsidiaries and/or agents, develops, manufactures, markets, distributes, sells, and/or imports generic pharmaceutical versions of branded products throughout the United States, including in this Judicial District.

11.     Upon information and belief, Alembic Inc. develops, manufactures, markets, distributes, sells, and/or imports generic pharmaceutical versions of branded products throughout the United States, including in this Judicial District.

12.     Upon information and belief, Alembic Ltd., through its wholly-owned subsidiary Alembic Inc., maintains a regular place of business in New Jersey.

13.     Upon information and belief, Alembic Inc. is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0101031141.

14.     Upon information and belief, Alembic Inc. is registered with the State of New Jersey's Department of Health as a drug manufacturer and wholesaler under Registration No. 5004785.

15.     Upon information and belief, Alembic Inc. is an agent for Alembic Ltd. with regard to Abbreviated New Drug Application ("ANDA") No. 211128, for which Alembic has sought approval from the United States Food and Drug Administration ("FDA").

16.     Alembic sent a letter dated February 21, 2023 ("February 21, 2023 Notice Letter") to Actelion Ltd, stating that Alembic Ltd. filed ANDA No. 211128, seeking approval from the FDA to commercially manufacture, use, or sell generic macitentan 10 mg oral tablets ("the ANDA Product") in the United States (including, upon information and belief, in the State of New Jersey) prior to the expiration of the '781 patent.

17.    The February 21, 2023 Notice Letter represented that ANDA No. 211128 included a certification under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355) ("Paragraph IV Certification") with respect to the '781 patent.

18.    Alembic Ltd. sent the February 21, 2023 Notice Letter to Actelion Ltd.'s business location in the State of New Jersey.

19.    Upon information and belief, Alembic Ltd., together with its agent Alembic Inc., filed or caused to be filed ANDA No. 211128 with the FDA.

20.    Alembic Ltd. and Alembic Inc. have each committed, aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement, including acts in the State of New Jersey, that have led to foreseeable harm and injury to Actelion in the State of New Jersey.

21.    Upon information and belief, Alembic Ltd. and Alembic Inc. will act in concert with each other with respect to the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of the ANDA Product.

22.    This Court has personal jurisdiction over Alembic Ltd. because, *inter alia*, Alembic Ltd.: (1) maintains regular places of business in New Jersey through its wholly-owned subsidiary Alembic Inc.; (2) has purposely availed itself of the privilege of doing business in New Jersey, including directly and/or indirectly through its subsidiaries, agents, and/or alter egos; (3) maintains pervasive, continuous, and systematic contacts with New Jersey, including the marketing, distribution, and/or sale of generic pharmaceutical products in New Jersey directly or indirectly through its subsidiaries, agents, and/or alter egos; (4) upon information and belief, derives substantial revenue from the sale of its products in New Jersey, including directly or indirectly through its subsidiaries, agents, and/or alter egos; and (5) upon information and belief, intends to,

directly or indirectly through its wholly-owned subsidiary and agent Alembic Inc., market, sell, or distribute the ANDA Product throughout the United States, including in New Jersey.

23.    This Court also has personal jurisdiction over Alembic Ltd. because, *inter alia*, Alembic Ltd. has availed itself of the legal protections of the State of New Jersey by previously consenting to personal jurisdiction as well as asserting counterclaims against plaintiffs in this Judicial District.  *E.g.*, *Actelion Pharmaceuticals Ltd et al. v. MSN Pharmaceuticals Inc. et al.*, Civil Action No 20-3859 (RMB)(KMW); *Duke University et al., v. Alembic Pharm. Ltd. et al.*, Civil Action No. 17-7453 (BRM)(TJB); *Otsuka Pharm. Co., Ltd. v. Alembic Pharm. Ltd. et al.*, Civil Action No. 14-7405 (JBS)(KMW); *Otsuka Pharm. Co., Ltd. v. Alembic Pharm. Ltd. et al.*, Civil Action No. 14-2982 (JBS)(KMW).

24.    Alembic Ltd. has further availed itself of the jurisdiction of this Judicial District by initiating litigation in this Judicial District.  *E.g.*, *Alembic Pharm. Ltd. v. Novartis Pharm. Corp.*, Civil Action No. 19-20890 (SRC)(CLW).

25.    Alternatively, this Court may exercise jurisdiction over Alembic Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because, *inter alia*, (1) Actelion's claims arise under federal law; (2) Alembic Ltd. is a foreign entity not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) Alembic Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, by submitting, directly and/or indirectly through its subsidiaries, agents, and/or alter egos, various ANDAs to the FDA and manufacturing, importing, offering to sell, or selling pharmaceutical products throughout the United States, such that this Court's exercise of jurisdiction over Alembic Ltd. satisfies due process.

26.    This Court has personal jurisdiction over Alembic Inc. because, *inter alia*, Alembic Inc.:  (1) has a principal place of business in New Jersey; (2) has employees in the places of

business that it maintains in New Jersey; (3) has purposely availed itself of the privilege of doing business in New Jersey, including by, *inter alia*, registering with the State of New Jersey's Division of Revenue and Enterprise Service to do business in New Jersey under Business ID No. 0101031141 and securing a New Jersey manufacturer's and wholesale drug distributor's license under Registration No. 5004785; (4) maintains pervasive, continuous, and systematic contacts with New Jersey; (5) upon information and belief, develops, manufactures, and/or imports generic pharmaceutical products for sale and use throughout the United States, including in New Jersey; and (6) upon information and belief, intends to, directly or indirectly, market, sell, or distribute the ANDA Product throughout the United States, including in New Jersey.

27.    This Court also has personal jurisdiction over Alembic Inc. because, *inter alia*, Alembic Inc. has availed itself of the legal protections of the State of New Jersey by previously consenting to personal jurisdiction in this Judicial District.  *E.g.*, A*ctelion Pharmaceuticals Ltd et al. v. MSN Pharmaceuticals Inc. et al.*, Civil Action No. 20-3859 (RMB)(KMW); D*uke University et al., v. Alembic Pharm. Ltd. et al.*, Civil Action No. 17-7453 (BRM)(TJB); O*tsuka Pharm. Co., Ltd. v. Alembic Pharm. Ltd. et al.*, Civil Action No. 14-7405 (JBS)(KMW).

28.    Venue is proper in this Court as to Alembic Ltd. under 28 U.S.C. §§ 1391(b), (c), and/or (d), and 1400(b) because, *inter alia*, Alembic Ltd. is a foreign entity and may be sued in any judicial district in the United States in which Alembic Ltd. is subject to the court's personal jurisdiction.  Venue is proper for the additional reasons set forth above and for other reasons that will be presented to the Court if such venue is challenged.

29.    Venue is proper in this Court as to Alembic Inc. under 28 U.S.C. §§ 1391(b), (c), and/or (d), and 1400(b) because, *inter alia*, Alembic Inc. has a principal place of business in New Jersey, and has committed and will commit further acts of infringement in this Judicial District.

Venue is proper for the additional reasons set forth above and for other reasons that will be presented to the Court if such venue is challenged.

## THE PATENT-IN-SUIT

30.     Actelion Inc. holds approved New Drug Application ("NDA") No. 204410, under which the FDA granted approval on October 18, 2013 for macitentan 10 mg oral once-a-day tablets, marketed in the United States under the trade name OPSUMIT®.

31.     OPSUMIT® (macitentan), approved in NDA No. 204410, is indicated for the treatment of pulmonary arterial hypertension (PAH, WHO Group I) to reduce the risks of disease progression and hospitalization for PAH.

32.     Actelion Inc. markets and sells OPSUMIT® in the United States.

33.     Actelion Ltd owns the '781 patent, titled "Sulfamides and Their Use as Endothelin Receptor Antagonists."  The '781 patent duly and legally issued on August 22, 2006.  A copy of the '781 patent is attached as Exhibit A.

34.     Pursuant to 21 U.S.C. § 355(b)(l), the patent-in-suit is listed in the FDA publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* (also known as the "Orange Book"), as covering Actelion's OPSUMIT® brand macitentan tablets.

## ACTS GIVING RISE TO THE ACTION

35.     Upon information and belief, Alembic has submitted ANDA No. 211128 to the FDA, seeking FDA approval for the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of the ANDA Product.

36.     Upon information and belief, prior to about October 10, 2017, Alembic Ltd. was aware of the '781 patent.

37.     Upon information and belief, prior to about October 10, 2017, Alembic Inc. was aware of the '781 patent.

38.     Upon information and belief, prior to about October 10, 2017, Alembic Ltd., together with its agent Alembic Inc., submitted ANDA No. 211128 to the FDA.

39.     Upon information and belief, when Alembic Ltd., together with its agent Alembic Inc., submitted ANDA No. 211128 to the FDA prior to about October 10, 2017, the ANDA included a certification under § 505(j)(2)(A)(vii)(III) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355) with respect to the '781 patent ("Paragraph III Certification").

40.     Upon information and belief, at the time Alembic submitted the Paragraph III Certification, Alembic did not possess an opinion supported by facts and law that one or more claims of the '781 patent were invalid.

41.     Upon information and belief, at some time between about October 10, 2017 and February 21, 2023, Alembic converted the Paragraph III Certification to the Paragraph IV Certification with respect to the '781 patent.

42.     Upon information and belief, at some time prior to about February 21, 2023, Alembic Ltd. was aware of the Consent Judgment (D.I. 145) in *Actelion Pharmaceuticals Ltd v. Zydus Pharmaceuticals (USA) Inc., et al.*, Civil Action No. 18-1397 (FLW)(LHG) (D.N.J.), in which Amneal Pharmaceuticals LLC admitted that the claims of the '781 patent are valid and enforceable.

43.     Upon information and belief, at some time prior to about February 21, 2023, Alembic Inc. was aware of the Consent Judgment (D.I. 145) in *Actelion Pharmaceuticals Ltd v. Zydus Pharmaceuticals (USA) Inc., et al.*, Civil Action No. 18-1397 (FLW)(LHG) (D.N.J.), in

which Amneal Pharmaceuticals LLC admitted that the claims of the '781 patent are valid and enforceable.

44.     Upon information and belief, at some time prior to about February 21, 2023, Alembic Ltd. was aware of the Consent Judgment (D.I. 44) in *Actelion Pharmaceuticals Ltd v. Aurobindo Pharma USA Inc., et al.*, Civil Action No. 19-15437 (FLW)(LHG) (D.N.J.), in which Aurobindo Pharma USA Inc. and Aurobindo Pharma Limited admitted that the claims of the '781 patent are valid and enforceable.

45.     Upon information and belief, at some time prior to about February 21, 2023, Alembic Inc. was aware of the Consent Judgment (D.I. 44) in *Actelion Pharmaceuticals Ltd v. Aurobindo Pharma USA Inc., et al.*, Civil Action No. 19-15437 (FLW)(LHG) (D.N.J.), in which Aurobindo Pharma USA Inc. and Aurobindo Pharma Limited admitted that the claims of the '781 patent are valid and enforceable.

46.     Upon information and belief, at some time prior to about February 21, 2023, Alembic Ltd. was aware of the Consent Judgment (D.I. 169) in *Actelion Pharmaceuticals Ltd v. Zydus Pharmaceuticals (USA) Inc., et al.*, Civil Action No. 18-1397 (FLW)(LHG) (D.N.J.), in which Zydus Pharmaceuticals (USA) Inc. admitted that the claims of the '781 patent are valid and enforceable.

47.     Upon information and belief, at some time prior to about February 21, 2023, Alembic Inc. was aware of the Consent Judgment (D.I. 169) in *Actelion Pharmaceuticals Ltd v. Zydus Pharmaceuticals (USA) Inc., et al.*, Civil Action No. 18-1397 (FLW)(LHG) (D.N.J.), in which Zydus Pharmaceuticals (USA) Inc. admitted that the claims of the '781 patent are valid and enforceable.

48.     Upon information and belief, at some time prior to about February 21, 2023, Alembic Ltd. was aware of the Consent Judgment (D.I. 15) in *Actelion Pharmaceuticals Ltd v. Laurus Labs Limited, et al.*, Civil Action No. 20-13967 (FLW)(LHG) (D.N.J.), in which Laurus Labs Limited and PharmaQ, Inc. admitted that the claims of the '781 patent are valid and enforceable.

49.     Upon information and belief, at some time prior to about February 21, 2023, Alembic Inc. was aware of the Consent Judgment (D.I. 15) in *Actelion Pharmaceuticals Ltd v. Laurus Labs Limited, et al.*, Civil Action No. 20-13967 (FLW)(LHG) (D.N.J.), in which Laurus Labs Limited and PharmaQ, Inc. admitted that the claims of the '781 patent are valid and enforceable.

50.     Separate and apart from certain contentions regarding patent validity, the February 21, 2023 Notice Letter does not identify any factual basis for, or any opinion of, noninfringement of Claims 1, 5-9, and 11 of the '781 patent.

51.     The ANDA Product for which Alembic seeks FDA approval in ANDA No. 211128 includes macitentan as the active ingredient.

52.     The chemical name of the compound macitentan is one of the chemical names recited in Claim 11 of the '781 patent.

53.     Alembic did not comply with its affirmative duty of care in making the Paragraph IV Certification with respect to the '781 patent under *Yamanouchi Pharm. Co., Ltd. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1347-48 (Fed. Cir. 2000).

54.     Actelion commenced this action within 45 days of the date of Actelion Ltd's receipt of the February 21, 2023 Notice Letter.

**INFRINGEMENT**

55.     Actelion re-alleges paragraphs 1-54 as if fully set forth herein.

56.     By seeking approval of ANDA No. 211128 to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of the ANDA Product prior to the expiration of the patent-in-suit, Alembic has infringed the patent-in-suit under 35 U.S.C. § 271(e)(2)(A).

57.     Alembic Ltd. and its agent Alembic Inc. are jointly and severally liable for infringement of the patent-in-suit under 35 U.S.C. § 271(e)(2)(A).

58.     Upon information and belief, Alembic was aware that the submission of ANDA No. 211128 that included the Paragraph IV Certification with respect to the patent-in-suit to the FDA constituted an act of infringement of the patent-in-suit.

59.     Actelion is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an Order of this Court that the effective date of the approval of ANDA No. 211128 be a date that is not earlier than the expiration date of the patent-in-suit, or any later expiration of any patent term extension or exclusivity for the patent-in-suit to which Actelion is or becomes entitled.

60.     If Alembic commercially manufactures, uses, offers to sell, or sells within the United States, and/or imports into the United States, the ANDA Product prior to the expiration of the patent-in-suit, Alembic would further infringe the patent-in-suit under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

61.     Alembic Ltd. and its agent Alembic Inc. are jointly and severally liable for infringement of the patent-in-suit under 35 U.S.C. §§ 271(a), (b), and/or (c).

62.     Upon information and belief, Alembic was aware that the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of

the ANDA Product before the expiration of the patent-in-suit would constitute an act of infringement of the patent-in-suit.

63. Actelion is entitled to a declaration that, if Alembic commercially manufactures, uses, offers for sale, or sells the ANDA Product within the United States, imports the ANDA Product into the United States, and/or induces or contributes to such conduct, Alembic will infringe the patent-in-suit under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

64. Actelion will be irreparably harmed by Alembic's infringing activities unless those activities are enjoined by this Court. Actelion does not have an adequate remedy at law.

65. This is an exceptional case based on, *inter alia*, Alembic's failure to comply with the affirmative duty of care in converting its Paragraph III Certification to a Paragraph IV Certification with respect to the '781 patent and propagating invalidity defenses that it knows, or has reason to know, are lacking in an objective good-faith basis in fact and law.

## PRAYER FOR RELIEF

**WHEREFORE**, Actelion requests that the Court grant the following relief:

A. A Judgment decreeing that Alembic has infringed the patent-in-suit by submitting ANDA No. 211128 that included the Paragraph IV Certification with respect to the patent-in-suit;

B. A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) or 35 U.S.C. § 283 restraining and enjoining Alembic, its directors, officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in concert with Alembic, from infringing the patent-in-suit by the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of any drug product claimed in the patent-in-suit;

C. An Order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any approval of ANDA No. 211128 be a date that is not earlier than the expiration date of the

patent-in-suit, or any later expiration of any patent term extension or exclusivity for the patent-in-suit to which Actelion is or becomes entitled;

D.      An award of monetary relief to the extent Alembic commercially manufactures, uses, offers for sale, or sells within the United States, or imports into the United States, any product that infringes, induces, or contributes to the infringement of the patent-in-suit within the United States prior to the expiration of the patent-in-suit, including any later expiration of any patent term extension or exclusivity for the patent to which Actelion is or becomes entitled, and that any such monetary relief be awarded to Actelion with prejudgment interest;

E.      An Order that this case is exceptional and that Actelion is entitled to reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

F.      Such other and further relief as the Court may deem just and proper.

Dated:  April 4, 2023

*Of Counsel:*

Bruce M. Wexler
Preston K. Ratliff II
Mi Zhou
Mark Russell Sperling
Jessica Stauring
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

By:   *s/ Keith J. Miller*
Keith J. Miller
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ 07102
(973) 690-5400
kmiller@rwmlegal.com

*Attorney for Plaintiffs*
*Actelion Pharmaceuticals Ltd and*
*Actelion Pharmaceuticals US, Inc.*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 & 40.1

I hereby certify that the matter in controversy involves the plaintiff Actelion Pharmaceuticals Ltd and the patent-in-suit (United States Patent No. 7,094,781) that were at issue in the matters captioned *Actelion Pharmaceuticals Ltd v. Zydus Pharmaceuticals (USA) Inc., et al.*, Civil Action No. 18-1397 (FLW)(LHG) (D.N.J.), *Actelion Pharmaceuticals Ltd v. Aurobindo Pharma USA Inc., et al.*, Civil Action No. 19-15437 (FLW)(LHG) (D.N.J.), and *Actelion Pharmaceuticals Ltd v. Laurus Labs Limited, et al.*, Civil Action No. 20-13967 (FLW)(LHG) (D.N.J.), which were filed on January 31, 2018, July 16, 2019, and October 5, 2020, respectively. Those matters were dismissed by the Hon. Freda L. Wolfson, U.S.D.J. on September 22, 2020, July 15, 2020, and January 22, 2021, respectively.

I further certify that the matter captioned *Actelion Pharmaceuticals Ltd et al. v. Sun Pharmaceutical Indus. Ltd et al.*, Civil Action No. 23-0116 (SRC)(ESK) is related to the matter in controversy because the matter in controversy involves the same plaintiffs and the patent-in-suit (United States Patent No. 7,094,781), and because Alembic is seeking FDA approval to market generic versions of the same pharmaceutical product.

I further certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

- 15 -

Dated:  April 4, 2023

*Of Counsel:*

Bruce M. Wexler
Preston K. Ratliff II
Mi Zhou
Mark Russell Sperling
Jessica Stauring
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

By:  *s/ Keith J. Miller*
Keith J. Miller
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ 07102
(973) 690-5400
kmiller@rwmlegal.com

*Attorney for Plaintiffs*
*Actelion Pharmaceuticals Ltd and*
*Actelion Pharmaceuticals US, Inc.*